54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert G. McCLURE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35835.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1995.*
Decided May 17, 1995.
 
 Before: BROWNING, REAVLEY** and NORRIS, Circuit Judges.
 MEMORANDUM***
 McClure appeals the district court's dismissal of contempt proceedings against FBI agent Montgomery for failure to comply with a state court order to provide McClure with documentary evidence in the FBI's possession that McClure claims is exculpatory. The district court held that it had no jurisdiction to hold a subordinate FBI agent in contempt for failing to comply with a court order when he was prevented from doing so by a valid regulation. We affirm.
 This case is controlled by the Supreme Court's decision in Touhy v. Ragen, 340 U.S. 462 (1951), and our recent decision in In re Boeh, 25 F.3d 761 (9th Cir. 1994). Both cases hold that a subordinate FBI official may not be held in contempt for failing to comply with a court order if a valid regulation prohibits compliance. Both cases further hold that the Department of Justice may validly promulgate regulations that prohibit subordinate officials from supplying evidence without prior approval from their superiors.
 
 
 1
 On the authority of Touhy and Boeh, we hold that the district court correctly held that it could not hold Agent Montgomery in contempt for failing to respond to a court order when 28 C.F.R. Sec. 16.22 prevented him from doing so.
 
 
 2
 McClure argues strenuously that the Department of Justice cannot create a regulation that immunizes the FBI from turning over exculpatory evidence in a criminal trial. He may very well be right. However, we are not holding that the Department of Justice had the power to lawfully refuse to turn over the evidence McClure seeks.[1] We are only holding that since the decision whether or not to comply with the subpoena was not Montgomery's, he cannot be held personally in contempt as a means of enforcing the FBI's duty to provide the discovery materials. As in Touhy, "[w]e find it unnecessary ... to consider the ultimate reach of the authority of the Attorney General to refuse to produce at a court's order the government papers in [her] possession." 340 U.S. at 467.
 
 
 3
 McClure simply pursued the wrong procedure for testing the power of the Department of Justice to refuse to produce evidence in response to a subpoena. As we suggested in Boeh, the state court could have issued its order directly against the "proper Department official" having authority to act on behalf of the Department or upon the Attorney General herself. 25 F.3d at 764; see also Touhy, 340 U.S. at 472 (Frankfurter, J., concurring). Alternatively, McClure might have filed a separate action under the Administrative Procedures Act or sought a writ of mandamus to compel the Attorney General or her designee to grant permission to Agent Montgomery to comply with the subpoena. Boeh, 25 F.3d at 764 n.3.
 
 
 4
 McClure also argues that even if Agent Montgomery cannot be held in contempt for refusing to comply with the order in reliance upon 28 C.F.R. Sec. 16.22, he can be held in contempt for refusing to follow the regulation. McClure claims that Montgomery never initiated the process for securing permission, as required by 28 C.F.R. Sec. 16.22(b). Appellant's Brief at 12. However, he points to no evidence whatsoever to substantiate this claim. In its brief, the Government flatly denies the allegation and points to portions of the proceedings below that indicate that Montgomery asked for, but was denied, permission to comply with the subpoena. Appellee's Brief at 7-8. McClure has failed to respond to this denial. Therefore, we do not consider the effect Montgomery's alleged refusal to seek permission on the propriety of the district court's dismissal.
 
 
 5
 The district court's order of dismissal is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Neither Touhy nor Boeh reached the question of whether Sec. 16.22 creates a form of executive privilege and, if so, whether such a regulation exceeds the enabling legislation or the Constitution. We have, however, expressed skepticism over whether the enabling legislation empowers the Department of Justice to promulgate regulations arrogating to itself a form of evidentiary privilege. See Boeh, 25 F.3d at 767; Id. at 770-772 (Norris, J., dissenting)