OPINION OF THE COURT
Emily Jane Goodman, J.
This is an action by plaintiff 145 East 23 Street Tenants Association, also known as Kenmore Tenants Association (Tenants Association), to enjoin defendants, Movica, Weller, Haas, Linbecker, Bonney, the Community Advisory Committee of Community Board Number 6 (Defendants), from preventing plaintiff from exercising the right to organize and exist as a tenants’ association under New York Real Property Law § 230. Plaintiff also seeks compensation for damages allegedly incurred as a result of Defendants’ alleged violations of the statute. Tenants Association moves for an order holding nonparty United States Marshal Robert Johnson in criminal or civil contempt for failure to appear and testify under subpoena, or alternatively compelling him to appear before the court to testify in the pending action.
Tenants Association represents tenant members at the Kenmore Hotel, located at 145 East 23 Street, New York. The Kenmore, an "S.R.O. Hotel”, i.e., single room occupancy residential hotel, is currently under the control of the United States Government as a result of forfeiture proceedings against the prior owner. Defendants Movica, Weller, Haas and Linbecker are security guards at the Kenmore Hotel and are employees of U.S.I, a company hired by the Federal Government to provide security at the hotel. According to plaintiff Tenants Association, defendants Movica, Weller, Haas and Linbecker have harassed, intimidated and discriminated against members of Tenants Association in order to prevent the members from *887 exercising their rights under New York Real Property Law § 230.*
Marshal Robert Johnson has had the primary responsibility for running the Kenmore Hotel. Tenants Association issued a subpoena for Marshal Johnson to obtain his testimony about the alleged interference with the tenants’ rights. Marshal Johnson refused to appear as a witness and the United States Department of Justice through the United States Attorney’s Office refused to permit him to appear as a witness, pursuant to 28 CFR 16.22.
28 CFR 16.22 (a) provides that: "[i]n any * * * state case * * * in which the United States is not a party, no employee * * * of the Department of Justice, shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person’s official duties or because of that person’s official status without prior approval of the proper Department official.” As directed by the regulation, Marshal Johnson consulted with Assistant United States Attorneys as to whether he may appear and testify. Marshal Johnson, as a subordinate of the Department of Justice, may refuse to comply with the subpoena duces tecum on the ground that his superior prohibits him to do so. (Touhy v Ragen, 340 US 462, 467 [1951].) This court cannot hold him in contempt for failing to comply with a court order if a valid regulation prohibits compliance. (McClure v United States, 54 F3d 785 [9th Cir 1995] [unpub disposition 1995 WL 299849].)
However, as stated by Justice Frankfurter in the concurring opinion in Touhy (supra), the Supreme Court did not answer "whether, when and how the Attorney General himself can be granted an immunity from the duty to disclose information contained in documents within his possession that are relevant *888 to a judicial proceeding.” (Supra, at 472.) Justice Frankfurter explained that this decision "cannot afford a basis for a future suggestion that the Attorney General can forbid every subordinate who is capable of being served by process from producing relevant documents and later contest a requirement upon him to produce on the ground that procedurally he cannot be reached.” (Supra.) Indeed, a State court can issue an order "directly against the 'proper Department official’ having authority to act on behalf of the Department or upon the Attorney General herself.” (McClure v United States, 1995 WL 299849, at 1, supra.) Thus the Supreme Court of New York, Criminal Term, denied a motion to quash a subpoena duces tecum directed to the custodian of records for the United States Attorney, Eastern District of New York, in People v Heller (126 Misc 2d 575 [Sup Ct, Kings County 1984].) The Heller court reasoned that the Supreme Court decision in Touhy does "not establish an inviolate right of the Department of Justice to refuse disclosure” in all circumstances. (Supra, at 577.) The court balanced the Federal Government’s need to prevent disclosure of information which might hamper a pending investigation with the court’s "responsibility * * * to safeguard the defendant’s constitutional right” and decided that interests of the Government authority must yield to those of the defendant. (Supra.) The court distinguished a defendant’s right which arises under constitutional dimension and a defendant’s right which is based on common law and public policy considerations. (Supra.)
In the pending action, Tenants Association brings an action based on New York Real Property Law § 230. Because the alleged violation of law is by the Federal Government, the constitutional rights to assemble, speak and associate are implicated. For the reasons discussed, this is a case in which the Government’s interest must yield to the rights of private citizens.
In opposition to the motion for contempt and to enforce subpoena duces tecum, the Assistant United States Attorney cites 28 CFR 16.26 (b) (5) which precludes the disclosure of information that "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.” The Assistant United States Attorney, however, fails to add that "the Deputy or Associate Attorney General will not approve disclosure if * * * [condition (b) (5) exists] un *889 less the Deputy or Associate Attorney General determines that the administration of justice requires disclosure.” (28 CFR 16.26 [c].) To determine whether the "administration of justice requires disclosure”, the Deputy or Associate Attorney General must first determine whether "disclosure is necessary to pursue a civil, or criminal prosecution or affirmative relief, such as an injunction.” (Id.) If so, consideration shall be given to: (1) the seriousness of the violation or crime involved, (2) the past history or criminal record of the violator or accused, (3) the importance of the relief sought, (4) other matters brought to the attention of the Deputy or Associate Attorney General. In this case, since an injunction is sought, the factors in section 16.26 (c) should have been considered. However the Government has not offered any evidence that the officials in charge of making the determination to prohibit Marshal Johnson from complying with the subpoena actually gave consideration to those factors. The pending action raises serious allegations of violations of the tenant’s constitutional rights to speak, assemble and associate, by means of harassment, intimidation and discrimination. Another factor which should be considered is that the Government is uniquely in possession of information pertaining to the guards’ interference with the tenants’ constitutional rights which are indispensable to the pending action. Tenants Association seeks information regarding: "(1) the installation, maintenance, custody, and control of any video or audio recorders and tapes at the Kenmore Hotel and any logs or records kept or maintained for the same; (2) what books, records, logs or related documentation is kept and maintained by the U.S. Marshal’s office regarding security at the Kenmore Hotel; (3) the methods for recording and maintaining such information by the U.S. Marshal and the security firm and its guards; (4) the criteria for determining what information is forwarded from the security firm and its guards to the U.S. Marshal; (5) hierarchy and chain of command regarding all security procedures, methods, directives and policies at the Kenmore Hotel as they directly relate to the ability of tenants to assemble and meet in the Kenmore, to the tenants ability to lodge complaints and the ability of tenants and their guests to enter and visit in the building; (6) the procedures used by the U.S. Marshal to investigate any complaints regarding the activities of the security guards; (7) the method and hiring practices and policies as they relate to retaining the security guards.” As the information sought by Tenants Association is narrowly tailored to the Kenmore Hotel, it does not *890 seem that disclosure of such information would impair the effectiveness of the investigative techniques and procedures as claimed by the Government.
Although this court cannot hold Marshal Johnson personally in contempt for failure to appear and testify or issue an order to compel his appearance and testimony, this court may and does order the United States Attorney for the Southern District of New York to make Marshal Johnson available to testify in light of the relevancy of the information sought by Tenants Association and the unlikelihood that the testimony will impair the effectiveness of Government investigative techniques and procedures.

 Real Property Law § 230 states:
"1. No landlord shall interfere with the right of a tenant to form, join or participate in the lawful activities of any group, committee or other organization formed to protect the rights of tenants; nor shall any landlord harass, punish, penalize, diminish, or withhold any right, benefit or privilege of a tenant under his tenancy for exercising such right.
”2. Tenants’ groups, committees or other tenants’ organizations shall have the right to meet in any location on the premises which is devoted to the common use of all tenants in a peaceful manner, at reasonable hours and without obstructing access to the premises or facilities. No landlord shall deny such right.